# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Zendy Arleny Torres Garcia,

    Petitioner

v.

Teofilo Israel Guzman Galicia,

    Respondent

Case No.: 2:19-cv-00799-JAD-BNW

**Order re: Ex Parte Motion for Temporary Restraining Order and Petition for Warrant in Lieu of a Writ of Habeas Corpus**

[ECF Nos. 9, 10]

    This case arises out of a dispute between the parents of a minor child whom the child's mother, Zendy Arleny Torres Garcia, alleges was wrongfully taken from the State of Michoacán, Mexico, to the United States by the child's father, Teofilo Israel Guzman Galicia.[1] Garcia petitions for the child to be returned to her in Mexico under the Hague Convention and the International Child Abduction Remedies Act.[2] Galicia was recently served with the complaint and petition,[3] but he hasn't yet appeared in this case.

    Garcia now petitions for a warrant in lieu of a writ of habeas corpus directing any police officer or U.S. Marshal in Nevada to bring Galicia and the child "immediately before this court, to use all force to remove the child [from the father's custody], and place the child" with Child Haven in Clark County, Nevada.[4] Garcia also moves on an emergency and ex parte basis for similar relief and to have the merits of her complaint heard on an expedited basis.[5]

---

[1] ECF No. 1.
[2] ECF No. 1.
[3] *See* ECF No. 8.
[4] ECF No. 10.
[5] ECF No. 9.

I am not satisfied that a warrant in lieu of a writ of habeas corpus is merited on this record, so I deny Garcia's petition for that relief. But I find that Garcia has demonstrated that she is likely to be harmed if Galicia is not prohibited from removing the child from the jurisdiction of this court before the parties can be heard on Garcia's request for injunctive relief.[6] I therefore grant the motion for a temporary restraining order prohibiting Galicia or anyone acting in concert with him from removing the child from the State of Nevada, I order Galicia to show cause why the restraining order should not be converted into a preliminary injunction, and I set that matter for a hearing on August 8, 2019, at 4 p.m.

## Discussion

### A. Legal standard

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[7] Both are "extraordinary" remedies and "never awarded as of right."[8] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[9] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance

---

[6] *See* ECF No. 1 at 5 (praying that the court invoke Rule 65's procedure of consolidating a trial on the merits with the hearing on a motion for preliminary injunction).

[7] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[8] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[9] *Id.* at 20.

of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[10]

**B.      Applying the legal standard to the facts in this case.**

Having carefully reviewed Garcia's emergency motion, petition for warrant in lieu of a writ of habeas corpus, complaint and petition, and the exhibits attached to the complaint, I find that Garcia has demonstrated that she meets the standard for a narrowly tailored temporary restraining order. Garcia has shown that she is likely to prevail on her claim under the Hague Convention that Galicia wrongfully removed the child from the child's habitual residence in the State of Michoacán, Mexico, in derogation of Garcia's custodial rights under the laws of that state and country.

Garcia has also shown that she is likely to be harmed by further alienation of her child and frustrated in her efforts to exercise her custodial rights unless Galicia is restrained from removing the child from the State of Nevada. According to Garcia, Galicia is "armed and dangerous"; has a "tendency to be violent, drunk or high, and short tempered"; and he threatened to make the child "disappear" and would "try to kill" Garcia if she sought to have the child returned to her in Mexico.[11] Garcia asserts that Galicia deals drugs, the family that he and the child are residing with do, too, and the living situation is unsafe and unstable for the child.[12] Garcia also contends that Galicia and the child are not lawfully present in the United States, so Galicia will "attempt to flee from the authorities and hide in order to avoid being found."[13]

---

[10] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[11] ECF No. 9 at 3.

[12] *Id.*

[13] *Id.* at 2.

Garcia's version of the facts isn't supported by either a declaration, affidavit, or verified complaint.  Though the complaint is "verified" in name, it's not Garcia who verified its contents but her attorney.  This is neither appropriate nor enough to meet the standard for a temporary restraining order.  However, I am satisfied that this omission can be corrected, so I order her to do so before the hearing.

Both the balance of equities and the public interest favor the status quo of keeping the child within the jurisdiction of this court temporarily to determine if a preliminary injunction is appropriate until the court can determine the case on its merits.  Garcia requests that the child be immediately removed from Galicia's custody, but this does not appear necessary because there is no evidence of immediate harm to the child other than what would befall if the child were removed from this court's jurisdiction.  In fact, Garcia contends that the child is currently enrolled in middle school.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Garcia's request for a temporary restraining order **[ECF No. 9] is GRANTED in part:** Teofilo Israel Guzman Galicia and any others acting in concert or participating with him are **RESTRAINED** from removing the child—identified by name in the complaint and by initials L.M.G.T.—from the State of Nevada pending further order of this court.  **This restraint will expire at 6 p.m. on August 8, 2019, unless otherwise ordered by the court.**

IT IS FURTHER ORDERED that Galicia is ordered to **SHOW CAUSE** in writing **by August 7, 2019,** why this temporary restraining order should not be converted into a preliminary injunction.

IT IS FURTHER ORDERED that the preliminary injunction hearing shall take place in Courtroom 6D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101, **at 4:00 p.m. on August 8, 2019.**

IT IS FURTHER ORDERED that Galicia's presence at the hearing is **MANDATORY** and his failure to appear in person or through counsel will be construed as a contempt of court and may result in the imposition of monetary sanctions. The court will not provide Galicia with an attorney or an interpreter at the preliminary injunction hearing. The child is not required to be present at the hearing.

IT IS FURTHER ORDERED that Garcia must support her version of the facts by filing either a verification for her complaint, affidavit, or declaration **by August 5, 2019.** An electronically signed version of any of these documents will suffice.

IT IS FURTHER ORDERED that Garcia must serve Galicia with a copies of her emergency motion for injunctive relief [ECF No. 9], her factual support as ordered above, and this order **by August 5, 2019.**

IT IS FURTHER ORDERED that Garcia's petition for warrant in lieu of a writ of habeas corpus **[ECF No. 10] is DENIED.**

Finally, because they contain the full name of the minor child and exhibits that do, too, the Clerk of Court is directed to **SEAL** the judicial records at **ECF Nos. 1 and 10.**

_____
U.S. District Judge Jennifer A. Dorsey
July 31, 2019